UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

           v.

DOVER GREENS, LLC,

        Defendant.

20  Civ. 124

**CONSENT DECREE**

TABLE OF CONTENTS

I.      RECITALS ........................................................................................................................ 1
II.     JURISDICTION AND VENUE ....................................................................................... 1
III.    ADMISSIONS .................................................................................................................. 2
IV.     APPLICABILITY ............................................................................................................ 3
V.      DEFINITIONS.................................................................................................................. 4
VI.     CIVIL PENALTY ............................................................................................................ 6
VII.    INJUNCTIVE REQUIREMENTS ................................................................................... 7
VIII.   OBLIGATIONS PERTAINING TO NON-SUBJECT BUILDINGS ............................ 12
IX.     REPORTING REQUIREMENTS .................................................................................. 13
X.      STIPULATED PENALTIES .......................................................................................... 16
XI.     FORCE MAJEURE ........................................................................................................ 19
XII.    DISPUTE RESOLUTION .............................................................................................. 20
XIII.   INFORMATION COLLECTION AND RETENTION .................................................. 23
XIV.    EFFECT OF SETTLEMENT ......................................................................................... 25
XV.     COSTS ............................................................................................................................ 26
XVI.    26 U.S.C. SECTION 162(F) IDENTIFICATION ......................................................... 26
XVII.   NOTICES........................................................................................................................ 27
XVIII.  EFFECTIVE DATE ........................................................................................................ 28
XIX.    RETENTION OF JURISDICTION ................................................................................ 28
XX.     MODIFICATION ........................................................................................................... 28
XXI.    TERMINATION.............................................................................................................. 29
XXII.   PUBLIC PARTICIPATION ........................................................................................... 30
XXIII.  SIGNATORIES/SERVICE ............................................................................................ 30
XXIV.   INTEGRATION .............................................................................................................. 31
XXV.    FINAL JUDGMENT ...................................................................................................... 31
XXVI.   ATTACHMENTS............................................................................................................ 31

## I.     RECITALS

WHEREAS, plaintiff the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a complaint (the "Complaint") against defendant Dover Greens, LLC ("Dover Greens" or "Defendant"), alleging that in 2013 Dover Greens violated Sections 112 and 114 of the Clean Air Act ("Act"), 42 U.S.C. §§ 7412, 7414, and the National Emissions Standards for Asbestos ("Asbestos NESHAP"), 40 C.F.R. Part 61, Subpart M, while renovating the former Harlem Valley Psychiatric Center, at the intersection of Route 22 and Wheeler Road in Wingdale, New York;

WHEREAS, the Complaint requests that the Court enjoin future violations by Dover Greens of the Clean Air Act and the Asbestos NESHAP and order Dover Greens to pay a civil penalty for the violations alleged in the Complaint;

WHEREAS, the Parties agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the claims asserted by the United States against Dover Greens as specifically set forth in the Complaint; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the claims asserted by the United States against Dover Greens as specifically set forth in the Complaint and that this Consent Decree is fair, reasonable, and consistent with the public interest;

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

## II.     JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1395 because the violations alleged in the Complaint occurred in this District and because Dover Greens resides and has its principal place of business in this District.

3.      For purposes of the Consent Decree, or any action or proceeding to enforce this Consent Decree, Dover Greens consents to venue in the Southern District of New York and to this Court's jurisdiction over this Consent Decree, over any such action or proceeding, and over Dover Greens.

4.      For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted.

### III.   ADMISSIONS

5.      Dover Greens admits, acknowledges, and accepts responsibility for the following:

    a.      In 2013, Dover Greens—then known as Olivet Management, LLC—purchased a portion of the former Harlem Valley Psychiatric Center in Wingdale, New York (the "Center").  Dover Greens now owns 936 acres and 73 buildings of the former Center (the "Campus") (a map showing the boundaries of the Campus is attached as Attachment A).

    b.      Prior to October 2013, Dover Greens learned that certain Campus buildings contained asbestos.

    c.      After learning this information, and in order to prepare its Campus to host an October 2013 fundraiser, Dover Greens performed work on Campus Buildings 2, 3, 11, 12, 14, 17, 18, 19, 20, 21, 23, 29, 30, 31, 32, 35, 85, 107 and 118 (hereafter, the "Subject Buildings") (the "October 2013 Work"), without complying with EPA rules designed to protect workers and the public from asbestos exposure.

    d.      Each of the Subject Buildings contained asbestos-containing materials.

    e.      Dover Greens failed to follow EPA regulations concerning asbestos when conducting the October 2013 Work.

    f.      More specifically:

    (i)      Dover Greens failed to thoroughly inspect the Subject Buildings for the presence of Regulated Asbestos-Containing Material ("RACM") and notify EPA prior to commencing the October 2013 Work.

    (ii)     Dover Greens failed to: (a) ensure that all RACM was removed before beginning the October 2013 Work; (b) ensure that all RACM was adequately wetted before stripping it from buildings; and (c) ensure that all RACM remained wet until it was collected and contained for disposal.

    (iii)    Dover Greens failed to seal all asbestos-containing materials in leak tight containers while wet and failed to label containers or plastic bags containing RACM with proper warning labels and the name of the waste generator or the location at which waste was generated.

    (iv)    Dover Greens failed to (a) dispose of asbestos waste at a proper disposal site; (b) ensure that properly marked vehicles were used to transport asbestos containing waste; (c) and maintain waste shipment records; and

    (v)     Dover Greens failed to have a trained representative present during the October 2013 Work.

g.    The October 2013 Work disturbed asbestos in numerous buildings, potentially exposing Dover Greens' employees, contractors, and guests to asbestos.

h.    When EPA sought to investigate the October 2013 Work, Dover Greens failed to provide EPA inspectors with access to the Campus and failed to provide complete responses to EPA's requests for information.

## IV.    APPLICABILITY

6.    The obligations of this Consent Decree apply to and are binding upon the United States and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

7.    At least thirty (30) Days prior to any transfer of ownership or operation of the Campus or any portion of the Campus, Defendant shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer and a copy of the Consent Decree letter of transmittal to the proposed transferee to EPA Region 2, the United States Attorney for the Southern District of New York, and the United

States Department of Justice, in accordance with Section XVII (Notices).  Any such transfer of ownership or operation shall include an agreement by the proposed transferee to be bound to this Consent Decree as an assign of the defendant and shall require the proposed transferee to file notice of such agreement with the Court promptly after such transfer.  Any transfer of ownership or operation of the Campus or any portion of the Campus without complying with this Paragraph constitutes a violation of this Consent Decree.

8.      Defendant shall provide a copy of this Consent Decree to all Dover Greens officers, employees, and agents whose duties might reasonably include compliance with any provision of this Consent Decree.

9.      Defendant shall provide a copy of this Consent Decree to any contractor retained to perform work required under this Consent Decree.  Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

10.     In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## V.      DEFINITIONS

11.     Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Consent Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.      The "Asbestos NESHAP" means 40 C.F.R. Part 61, Subpart M.

b.      "Campus" shall mean the 936 acres of the former Harlem Valley Psychiatric Center, at the intersection of Route 22 and Wheeler Road in Wingdale, New York owned by Defendant as reflected in the map attached hereto as Attachment A.

4

c.      "Complaint" shall mean the complaint filed by the United States in this action.

d.      "Consent Decree" or "Decree" shall mean this Consent Decree.

e.      "Day" shall mean a calendar Day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last Day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

f.      "Date of Lodging" shall mean the date this Consent Decree is filed for lodging with the Clerk of the Court for the United States District Court for the Southern District of New York.

g.      "Defendant" shall mean Dover Greens, LLC, and its parents, subsidiaries, corporate predecessors, successors and assigns.

h.      "Effective Date" shall have the definition provided in Section XVIII.

i.      "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies.

j.      "Guests" shall mean any individual who visited the Campus between October 25, 2013, and October 31, 2013.

k.      "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral.

l.      "Parties" shall mean the United States and Defendant.

m.      "Section" shall mean a portion of this Consent Decree identified by a capitalized Roman numeral except when used to cite to the Clean Air Act and implementing regulations.

n.      "Subject Building(s)" shall mean one or more than one or all Campus buildings designated Buildings 2, 3, 11, 12, 14, 17, 18, 19, 20, 21, 23, 29, 30, 31, 32, 35, 85, 107 and/or 118 as located and identified in attached "Attachment B".

o.      "Subparagraph" shall mean a portion of this Consent Decree identified by a lower case letter or an arabic numeral in parentheses.

p.      "Non-Subject Building(s)" shall mean any one or all Campus buildings not designated a "Subject Building" as located and identified in attached "Attachment B."

q.      "United States" shall mean the United States of America, acting on behalf of the EPA.

r.    "Worker(s)" shall mean each person who may have worked in or on a Subject Building or may have handled material from a Subject Building between October 1, 2013, and November 1, 2013.

## VI.    CIVIL PENALTY

12.    Within sixty (60) Days after the Effective Date, Defendant shall pay the sum of $400,000 as a civil penalty, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the Date of Lodging.  Within one hundred and twenty (120) Days of the Effective Date, Defendant shall pay an additional sum of $175,000 as a civil penalty, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the Date of Lodging.

13.    Defendant shall pay the civil penalty using https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions to be provided to Defendant by the U.S. Attorney's Office for the Southern District of New York.  The payment instructions provided by the U.S. Attorney's Office will include a Consolidated Debt Collection System ("CDCS") number, which Defendant shall use to identify all payments required to be made in accordance with this Consent Decree.

14.    At the time of payment, Defendant shall send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268 and (ii) to the United States via email or regular mail in accordance with Section XVII (Notices).  Such notice shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in *United States of America v. Dover Greens, LLC* and shall reference the civil action number, CDCS Number and DOJ case number 90-5-2-1-11427.

15.     Defendant shall not deduct any penalties paid under this Consent Decree pursuant to this Section or Section X (Stipulated Penalties) in calculating its federal, state, or local income tax.

## VII.   INJUNCTIVE REQUIREMENTS

16.     <u>Compliance with Law</u>.  Defendant shall comply with the Act and Asbestos NESHAP when conducting any abatement activity or other action that constitutes renovation and demolition, as such terms are defined by the NESHAP.

17.     <u>Work Plan</u>.  Defendant shall comply with the Asbestos Operations & Maintenance Plan attached hereto as "Attachment B" (the "Work Plan") and shall complete the asbestos abatement activities set forth in Appendices B and C of Attachment B at the Subject Buildings that are designated as such pursuant to Paragraph 5 subpart c of the Consent Decree, or become Subject Buildings pursuant to Paragraph 29 of the Consent Decree.

18.     <u>Unoccupied Buildings</u>.  For all unoccupied Buildings on the Campus, including Subject and Non-Subject buildings, where all asbestos hazards have not been eliminated, Defendant shall:

      a.     Conduct twice-monthly inspections to ensure that all windows are properly sealed (e.g. boarded, or covered (whether with plexiglass, plywood, or other material)) to prevent human exposure to asbestos and prevent the release of asbestos fibers into the environment, and repair and reseal any identified broken or missing windows (or seals placed on broken or missing windows) within five (5) business days.   Each twice-monthly inspection shall be performed at least twelve (12) Days apart from any other twice-monthly inspection.

      b.     Conduct twice-monthly inspections to ensure: that all exterior doors are properly locked to prevent unauthorized access; and that no exterior walls have sustained damage such that asbestos fibers are being released into the environment.  Dover Greens shall: repair, replace, or properly seal any damaged walls to prevent the release of asbestos fibers into the environment; repair or replace doors damaged to the extent that they cannot restrict access to the building within five (5) business days. Each twice-monthly inspection

7

shall be performed at least twelve (12) Days apart from any other twice-monthly inspection.

c.      Conduct twice-monthly inspections to ensure that warning signs are posted, at a minimum, at all access points into the building, and repair or replace any warning signs found to be damaged or missing within one (1) business day. Each twice-monthly inspection shall be performed at least twelve (12) Days apart from any other twice-monthly inspection.

d.      In the event of a roof collapse or building collapse of any Building on the Campus, notify EPA within one (1) Day of the discovery of any such occurrence. Within one (1) Day of discovery, Dover Greens shall also contact an asbestos contractor and request immediate assistance. Specifically, Dover Greens shall request that the asbestos contractor come immediately on site to determine if and how the contractor can contain any disturbed asbestos or otherwise prevent such disturbed asbestos from becoming airborne. Within one (1) business day of discovery, Dover Greens shall report to EPA on its efforts to enlist immediate assistance from an asbestos contractor. Within (1) Day of discovery of any such occurrence, Dover Greens shall take steps to prevent the public and Dover Greens' employees who are not under the supervision of an asbestos contractor from accessing any such building. Dover Greens shall work with the asbestos contractor to address the situation as expeditiously as possible. Dover Greens shall develop a plan to address any resulting asbestos-related issues and submit such plan for review to EPA as soon as feasible but no later than fifteen (15) business days of discovery of the occurrence.  Dover Greens shall commence cleanup of the debris and commence control of any disturbed asbestos (including preventing disturbed asbestos from becoming airborne) as soon as feasible but no later than thirty (30) Days of discovery. Dover Greens shall provide weekly updates to EPA as it works with the contractor to address the situation.

19.     <u>Occupied Buildings</u>. For all Occupied Buildings still containing asbestos after elimination of asbestos hazards and reoccupancy, as provided in the Work Plan, Defendant shall:

a.      Conduct monthly inspections to assess the condition of any accessible asbestos-containing materials ("ACM") and presumed asbestos-containing materials ("PACMs") that were intentionally left in place, and, in accordance with, at minimum, state and federal requirements, repair or abate any damaged ACM and PACM found within five (5) business days.

b.      Conduct monthly inspections to assess the condition of the warning labels associated with any ACM/PACM, and repair or replace any missing or damaged labels within five (5) business days.

20. <u>Employees and Contractors</u>.  With respect to Dover Greens' employees and

contractors, Defendant shall:

    a.    Provide annual asbestos awareness training to all maintenance employees. Dover Greens will maintain and make available, upon request, the rosters for this training.

    b.    Provide all employees or contractors working at the Campus, prior to their starting any work, the following:

        (i)    A briefing concerning all ongoing asbestos work at the time;

        (ii)    A map which labels each building that has not been cleared for re-occupation and, for buildings that have received clearance, a diagram or plan that includes the location of all remaining ACM within each building where work will take place; and

        (iii)    Contact information for the asbestos coordinator.

21. <u>Notices and Record Keeping</u>.  With respect to the work described herein and in the

Work Plan, Dover Greens shall:

    a.    Maintain and make available, upon request, accurate logs and records of monitoring and corrective actions for items described in Paragraphs 18 through 20.

    b.    Within ten (10) business days of the Effective Date, post notices in each of the Campus's occupied buildings containing the below information which should be updated as changes occur:

        (i)    All planned asbestos work in or at the subject building for the year;

        (ii)    A map of buildings that have not been cleared for re-occupation; and

        (iii)    Contact information for the asbestos coordinator for information and emergencies.

22. <u>Medical Monitoring</u>.  For individuals who were present at the Campus during the

periods specified in this Paragraph, Defendant shall additionally comply with the following:

    a.    Within ten (10) Days of the Effective Date, Dover Greens shall provide EPA with the available names of Guests.  Dover Greens shall continue to make reasonable efforts to ascertain the names of Guests and shall provide EPA with any additional names of Guests within fourteen (14) Days of discovery.

9

b.      Within ten (10) Days of the Effective Date, Dover Greens shall commence best efforts to obtain the names and last known addresses of all Workers. Within sixty (60) days of the Effective Date, Dover Greens shall provide EPA with the name of each Worker identified pursuant to this Subparagraph. Dover Greens shall continue to make reasonable efforts to ascertain the names of Workers and shall provide EPA with any additional names of Workers within fourteen (14) Days of discovery.

c.      Within thirty (30) Days of the Effective Date, or thirty (30) Days of discovering a Guest, whichever is later, Dover Greens shall provide each Guest identified pursuant to Subparagraph (a) above with a notice stating that they may have been exposed to asbestos at the Campus, and offer an initial asbestos medical surveillance exam, at Dover Greens' expense, from an occupational medicine specialist, in order to assess that person's risk of asbestos exposure-related disease.  If, based on this medical assessment, the occupational medicine specialist determines that ongoing medical surveillance follow-up in accordance with OSHA Asbestos Surveillance standards is needed, *see* 29 CFR § 1910.1001, then it shall be made available to that person at Dover Greens' expense.

d.      Within sixty (60) Days of the Effective Date or thirty (30) Days of discovering a Worker, whichever is later, Dover Greens shall provide each Worker identified pursuant to Subparagraph (b) above with a notice stating that they may have been exposed to asbestos at the Campus, and offer an initial asbestos medical surveillance exam, at Dover Greens' expense, from an occupational medicine specialist, in order to assess that person's risk of asbestos exposure-related disease.  If, based on this medical assessment, the occupational medicine specialist determines that ongoing medical surveillance, in accordance with OSHA Asbestos Surveillance standards, is needed, see 29 CFR § 1910.1001, then it shall be made available to that person at Dover Greens' expense.

23.     Approval of Deliverables.  After review of any plan, report, or other item that is required to be submitted pursuant to this Consent Decree, EPA may in writing:  (a) approve the submission; (b) approve the submission upon specified conditions; (c) approve part of the submission and disapprove the remainder; or (d) disapprove the submission.  EPA affirmatively acknowledges that Dover Greens may seek reasonable modifications to anticipated asbestos abatement timelines depending on a number of factors, including without limitation local planning board approvals and the availability of capital improvement project funding. However, EPA is not obligated to grant such modification requests.

24.     If the submission is approved pursuant to Paragraph 23, Defendant shall take all actions required by the plan, report, or other document, in accordance with the schedules and requirements of the plan, report, or other document, as approved.  If the submission is conditionally approved or approved only in part pursuant to Paragraph 23(b) or (c), Defendant shall, upon written direction from EPA, take all actions required by the approved plan, report, or other item that EPA determines are technically severable from any disapproved portions, subject to Defendant's right to dispute only the specified conditions or the disapproved portions, under Section XII (Dispute Resolution).  If any action by Defendant depends on EPA's approval of a plan, report, or other document, Defendant shall commence with the action based on the plan, report, or other document it submitted to EPA, if EPA has not approved, approved with conditions, partially approved, or disapproved, the plan, report, or other document within 45 days after it was received by EPA.

25.     If the submission is disapproved in whole or in part pursuant to Paragraph 23(c) or (d), Defendant shall, within fourteen (14) Days or such other time as the Parties agree to in writing, correct all deficiencies and resubmit the plan, report, or other item, or disapproved portion thereof, for approval, in accordance with the preceding Paragraphs.  If the resubmission is approved in whole or in part, Defendant shall proceed in accordance with the preceding Paragraph.

26.     If a resubmitted plan, report, or other item, or portion thereof, is disapproved in whole or in part, EPA may again require Defendant to correct any deficiencies, in accordance with the preceding Paragraphs, subject to Defendant's right to invoke Dispute Resolution and the right of EPA to seek stipulated penalties as provided in the preceding Paragraphs.

27.     Any stipulated penalties applicable to the original submission, as provided in Section X shall accrue during the forty-five (45) Day period provided in Paragraph 56 of this Consent Decree or other specified period, but shall not be payable unless the resubmission is untimely or is disapproved in whole or in part; provided that, if the original submission was so deficient as to constitute a material breach of Defendant's obligations under this Consent Decree, the stipulated penalties applicable to the original submission shall be due and payable notwithstanding any subsequent resubmission.

28.     Permits.  Where any compliance obligation under this Section requires Defendant to obtain a federal, state, or local permit or approval, Defendant shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals. Defendant may seek relief under the provisions of Section XI (Force Majeure) for any delay in the performance of any such obligation resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such obligation, if Defendant has submitted timely and complete applications and has taken all other actions necessary to obtain all such permits or approvals.

### VIII.   OBLIGATIONS PERTAINING TO NON-SUBJECT BUILDINGS

29.     Non-Subject Buildings.  Except as provided in Paragraphs 18 and 19, this Consent Decree does not obligate the Defendant to abate asbestos-containing material in any portion of, or demolish any Non-Subject Building.  If, however, Defendant conducts any renovation or demolition of any Non-Subject Building as such terms are defined in the NESHAP, excluding any work required by Paragraphs 18(a)-(c) or 19 of this Consent Decree, while this Consent Decree is in effect, that Non-Subject Building will be treated as a Subject Building for the remainder of the Consent Decree, and Defendant shall fully comply with the terms of this Consent Decree and Attachment B Work Plan of this Consent Decree with respect to it.

## IX.    REPORTING REQUIREMENTS

30.    <u>Semi-Annual Reporting.</u> By July 31st and January 31st of each year after the entry of this Consent Decree until termination of this Consent Decree pursuant to Section XXI, Defendant shall submit by e-mail and mail a semi-annual report for the preceding six (6) months (for purposes of this Paragraph, to mean January 1 through June 30 and July 1 to December 31 for the reports required on July 31 and January 31, respectively) that shall include:

    a.    A certification attesting that Dover Greens has complied with the action items described in Paragraphs 16-20, including the elements of the Work Plan.

    b.    A summary of any repairs or other remedial steps taken in accordance with Section VII, including the elements of the Work Plan.

    c.    A summary of any corrective actions, or a statement that none were taken, pursuant to subpart (a) of Paragraph 21.

    d.    A summary of all noncompliance with the requirements set forth in Paragraphs 16 through 22.

    e.    A certification attesting that Dover Greens has complied with subpart b of Paragraph 21.

    f.    A summary identifying any buildings at the Campus that underwent or are undergoing renovation or demolition, as those terms are defined in 40 C.F.R. § 61.141, in the previous six months.

    g.    For any building identified in subpart f of this Paragraph, a summary setting forth if any RACM was removed and, if so, the amount of RACM removed, and how and where the RACM was disposed.

    h.    A summary identifying any buildings at the Campus that are scheduled to be demolished or renovated in the next six months.

    i.    A summary identifying any surveys of the Campus, or surveys of buildings within the Campus, commenced, completed or ongoing in the previous six months pursuant to 40 C.F.R. § 61.145 and in accordance with the Work Plan.

    j.    A summary identifying any surveys of the Campus, or surveys of buildings within the Campus, scheduled to be commenced or completed in the next six months pursuant to 40 C.F.R. § 61.145 and in accordance with the Work Plan.

      k.      A certification attesting that Dover Greens is complying with the terms set forth in the Work Plan.

      l.      A summary setting forth the number of people who have sought initial counseling as described in Paragraphs 22(c) and (d) and the number of initial asbestos medical surveillance exams provided by Dover Greens.

The report described in this Paragraph shall also include a description of any non-compliance with the requirements of this Consent Decree and an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violations. The first semi-annual report pursuant to this Paragraph shall be due on July 31, 2020, and shall cover the period from the Effective Date to June 30, 2020.

31.    <u>Report Detailing Violations of the Consent Decree</u>. If Defendant violates, or has reason to believe that it may violate, any requirement of this Consent Decree, Defendant shall notify the United States of such violation and its likely duration, in writing, within ten (10) business days of the Day Defendant first becomes aware of the violation (for violations that have already occurred) or as soon as possible and in any event prior to occurrence of the violation (for future violations that Defendant has reason to believe may occur), with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.  If the cause of a violation cannot be fully explained at the time the report is due, Defendant shall so state in the report.  Defendant shall investigate the cause of the violation and shall then submit an amendment to the report, including a full explanation of the cause of the violation, within thirty (30) Days of the Day Defendant becomes aware of the cause of the violation.  Nothing in this Paragraph or the following Paragraph relieves Defendant of its obligation to provide the notice required by Section XI (Force Majeure).

32.    <u>Report of Immediate Threat</u>.  Whenever any violation of this Consent Decree or of any applicable permits or any other event affecting Defendant's performance under this Consent

Decree may pose an immediate threat to the public health or welfare or the environment,

Defendant shall notify EPA orally or by electronic transmission as soon as possible, but no later

than twenty-four (24) hours after Defendant first knew of the violation or event.  This procedure

is in addition to the requirements set forth in the preceding Paragraph. Pursuant to Paragraph 16

of this Consent Decree (Compliance with Law), in case of an emergency renovation operation,

Defendant shall comply with the applicable provisions of the Asbestos NESHAP, 40 C.F.R.

§ 61.145(a)(4)(iv), and Appendix A to Subpart M of Part 61.

33.     All reports shall be submitted to the persons designated in Section XVII (Notices).

34.     Each report submitted under this Section shall be signed by Dover Greens' President

or a c-level executive within Dover Greens and shall include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under
> my direction or supervision in accordance with a system designed to assure that qualified
> personnel properly gather and evaluate the information submitted.  Based on my inquiry
> of the person or persons who manage the system, or those persons directly responsible for
> gathering the information, the information submitted is, to the best of my knowledge and
> belief, true, accurate, and complete.  I have no personal knowledge that the information
> submitted is other than true, accurate, and complete.  I am aware that there are significant
> penalties for submitting false information, including the possibility of fine and
> imprisonment for knowing violations.

35.     This certification requirement does not apply to emergency or similar notifications

where certification would be impractical.

36.     The reporting requirements of this Consent Decree do not relieve Defendant of any

reporting obligations required by the Act or implementing regulations, or by any other federal,

state, or local law, regulation, permit, or other requirement.

37.     Any information provided pursuant to this Consent Decree may be used by the United

States in any proceeding to enforce the provisions of this Consent Decree and as otherwise

permitted by law.

## X.     STIPULATED PENALTIES

38.     Defendant shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section XI (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Consent Decree, including any work plan or schedule approved under this Consent Decree, according to all applicable requirements of this Consent Decree and within the specified time schedules established by or approved under this Consent Decree.

39.     Late Payment of Civil Penalty.  If Defendant fails to pay the civil penalty required to be paid under Section VI (Civil Penalty) when due, Defendant shall pay a stipulated penalty of $5,000 per Day for each Day that the payment is late.

40.     Injunctive Requirements.  The following stipulated penalties shall accrue per violation per Day for each violation of the requirements of Section VII except that: (1) the notices required under Paragraph 21(b); (2) the inspections required under Paragraphs 18(a), (b), (c); and (3) the inspections required under Paragraph 19(a) and (b), shall each be subject to no more than one penalty per Paragraph, per Day of noncompliance.

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 14th Day |
| $3,000 | 15th through 30th Day |
| $5,000 | 31st Day and beyond |

41.     Reporting Requirements.  The following stipulated penalties shall accrue per violation per Day for each violation of the requirements of Section IX, except that each semi-annual report required under Paragraph 30 shall be subject to no more than one penalty per Day of noncompliance:

Penalty Per Violation Per Day                      Period of Noncompliance

$500.....................................................1st through 14th Day
$2,500.............................................. 15th through 30th Day
$4,000................................................31st Day and beyond

42.     Transfer of Ownership or Operation Requirements.  The following stipulated penalties shall accrue per violation per Day for each violation of the requirements of Paragraph 7:

Penalty Per Violation Per Day                      Period of Noncompliance

$750.....................................................1st through 14th Day
$2,250.............................................. 15th through 30th Day
$3,750................................................31st Day and beyond

43.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

44.     Defendant shall pay any stipulated penalty within thirty (30) Days of receiving the United States' written demand.  The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

45.     Stipulated penalties shall continue to accrue as provided in Paragraph 39-43 during any Dispute Resolution, but need not be paid until the following:

     a.     If the dispute is resolved by agreement or by a decision that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within thirty (30) Days of the effective date of the agreement or the receipt of EPA's decision or order.

     b.     If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owing, together with interest, within sixty (60) Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

      c.      If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with interest, within fifteen (15) Days of receiving the final appellate court decision.

46.     Defendant shall pay stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Paragraphs 13 and 14, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

47.     If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

48.     The payment of penalties and interest, if any, shall not alter in any way Defendant's obligation to complete the performance of the requirements of this Consent Decree.

49.     <u>Non-Exclusivity of Remedy</u>.  Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree.  Subject to the provisions of Section XIV (Effect of Settlement), the United States expressly reserves the right to seek any other relief it deems appropriate for Defendant's violation of this Consent Decree or applicable law, including but not limited to an action against Defendant for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt.  However, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## XI.    FORCE MAJEURE

50.    "Force Majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or of Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation.  The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring and (b) following the potential force majeure, such that the delay and any adverse effects of the delay are minimized.  "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

51.    If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant shall provide notice orally or by electronic or facsimile transmission to EPA, within seventy-two (72) hours of when Defendant first knew that the event might cause a delay.  Within seven (7) Days thereafter, Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment.  Defendant shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure.  Failure to comply with the above requirements shall preclude Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional

delay caused by such failure.  Defendant shall be deemed to know of any circumstance of which Defendant, any entity controlled by Defendant, or Defendant's contractors knew or should have known.

52.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.  EPA will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

53.     If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendant in writing of its decision.

54.     If Defendant elects to invoke the dispute resolution procedures set forth in Section XII (Dispute Resolution), it shall do so no later than fifteen (15) Days after receipt of EPA's notice.  In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 50 and 51. If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## XII.    DISPUTE RESOLUTION

55.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism for Defendant to resolve

20

disputes arising under or with respect to this Consent Decree.  Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendant arising under this Consent Decree.

56.     <u>Informal Dispute Resolution</u>.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed twenty (20) Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within forty-five (45) Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

57.     <u>Formal Dispute Resolution</u>.  Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

58.     The United States shall serve its Statement of Position within forty-five (45) Days of receipt of Defendant's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States'

Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

59.     Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XVII (Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within ten (10) Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph.  The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

60.     The United States shall respond to Defendant's motion within the time period allowed by the Federal Rules of Civil Procedure ("Federal Rules") as modified by the applicable Local Rules of this Court and any schedule or extension approved by the Court.  Defendant may file a reply memorandum, to the extent permitted by the Federal Rules, as modified by the applicable Local Rules of this Court and any schedule or extension approved by the Court.

61.     Standard of Review.

    a.      <u>Disputes Concerning Matters Accorded Record Review</u>.  Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 57 Defendant shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

    b.      <u>Other Disputes</u>.  Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 57, Defendant shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

62.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree,

unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 45.  If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section X (Stipulated Penalties).

### XIII.   INFORMATION COLLECTION AND RETENTION

63.    The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into the Campus covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:

    a.    monitor the progress of activities required under this Consent Decree;

    b.    verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

    c.    obtain samples and, upon request, splits of any samples taken by Defendant or its representatives, contractors, or consultants;

    d.    obtain documentary evidence, including photographs and similar data; and

    e.    assess Defendant's compliance with this Consent Decree.

64.    Upon request, Defendant shall provide EPA or its authorized representatives splits of any samples taken by Defendant.  Upon request, EPA shall provide Defendant splits of any samples taken by EPA.

65.    Until five (5) years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under this Consent Decree.  This information-retention

requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

66.     At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify the United States at least ninety (90) Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendant shall deliver any such documents, records, or other information to EPA.  Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Defendant asserts such a privilege, it shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendant. However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

67.     Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2.

68.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws,

24

regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain

documents, records, or other information imposed by applicable federal or state laws,

regulations, or permits.

## XIV.   EFFECT OF SETTLEMENT

69.     Entry of this Consent Decree shall resolve the civil claims of the United States for the

violations alleged in the United States' Complaint against the Defendant that occurred through

the Date of Lodging of the Consent Decree.

70.     The United States reserves all legal and equitable remedies available to enforce the

provisions of this Consent Decree.

71.     This Consent Decree shall not be construed to limit the rights of the United States to

obtain penalties or injunctive relief under the Act or implementing regulations, or under other

federal laws, regulations, or permit conditions.  The United States further reserves all legal and

equitable remedies to address any imminent and substantial endangerment to the public health or

welfare or the environment arising at, or posed by, Defendant's Campus, whether related to the

violations addressed in this Consent Decree or otherwise.

72.      In any subsequent administrative or judicial proceeding initiated by the United States

for injunctive relief, civil penalties, other appropriate relief relating to the Campus or

Defendant's violations, Defendant shall not assert, and may not maintain, any defense or claim

based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim

preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by

the United States in the subsequent proceeding were or should have been brought in the instant

case, except with respect to claims that have been specifically resolved pursuant to Paragraph 69.

73.     This Consent Decree is not a permit, or a modification of any permit, under any

federal, State, or local laws or regulations.  Defendant is responsible for achieving and

maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 42 U.S.C. § 7401, et seq., or with any other provisions of federal, State, or local laws, regulations, or permits.

74.     This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

75.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XV.   COSTS

76.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XVI.   26 U.S.C. SECTION 162(f) IDENTIFICATION

77.     For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. §162(f)(2)(A)(ii), performance of Paragraph 8; Paragraphs 16-23, Paragraph 28, Paragraphs 30-34 is restitution or required to come into compliance with law.

## XVII.  NOTICES

78.     Unless otherwise specified in this Consent Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

| | |
|---|---|
| As to the United States by email: | jacob.bergman@usdoj.gov<br>eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-5-2-1-11427 |
| As to the United States by mail: | Jacob M. Bergman, AUSA<br>U.S. Attorney's Office<br>86 Chambers St., 3rd Floor<br>New York, NY 10007<br>Tel.:  (212) 637-2776 |
| | EES Case Management Unit<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C.  20044-7611<br>Re: DJ # 90-5-2-1-11427 |
| As to EPA by email: | patel.harish@epa.gov<br>Re: U.S. v Dover Greens Consent Decree |
| As to EPA: | Robert Buettner, Chief<br>Air Compliance Branch<br>U.S. EPA Region 2<br>290 Broadway<br>New York, NY 10007<br>Tel: (212) 637-5031 |
| As to Defendant: | Marian Rebro, marian.r@dovergreens.com |
| | Philip Bae, Philip.b@dovergreens.com<br>Dover Greens, contact@dovergreens.com<br>73 Wheeler Road<br>Wingdale, NY  12594 |

79.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

80.     Notices sent by mail shall be sent by Certified Mail or by a courier service, and Parties shall retain proof of mailing.

81.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XVIII. EFFECTIVE DATE

82.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XIX.  RETENTION OF JURISDICTION

83.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Consent Decree or entering orders modifying this Consent Decree, pursuant to Sections XII and XX, or effectuating or enforcing compliance with the terms of this Consent Decree, including requests by, or on behalf of, Guests and Workers to enforce Dover Greens' obligations under Paragraph 22.

## XX.   MODIFICATION

84.     The terms of this Consent Decree, including any attachments, may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Consent Decree, it shall be effective only upon approval by the Court.

85.     Any disputes concerning modification of this Consent Decree shall be resolved pursuant to Section XII, provided, however, that, instead of the burden of proof provided by

Paragraph 61, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XXI. TERMINATION

86.     The Consent Decree may be terminated pursuant to the procedure described in the following Paragraphs 87-89 after the later of: (i) the date two (2) years after Defendant has satisfactorily completed the requirements of Paragraph 17 (asbestos abatement of Subject Buildings) with respect to all Subject Buildings listed in Appendix B, or (ii) the date three (3) years from the Effective Date; provided, however, that the Consent Decree may not be terminated under either (i) or (ii) unless Defendant has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, has satisfactorily completed the requirements of Paragraph 17 (asbestos abatement of Subject Buildings) with respect to any Non-Subject Buildings that became a Subject Building pursuant to Paragraph 29, and has been in satisfactory compliance with the Consent Decree for the twelve months preceding termination.

87.     If Defendant believes that the requirements of Paragraph 86 have been met, Defendant may serve upon the United States a Request for Termination of the Consent Decree, which shall state that the Defendant has satisfied those requirements and shall be accompanied by all necessary supporting documentation.

88.     Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Consent Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Consent Decree.

89.     If the United States does not agree that the Consent Decree may be terminated,

Defendant may invoke Dispute Resolution under Section XII.  However, Defendant shall not

seek Dispute Resolution of any dispute regarding termination until ninety (90) Days after service

of its Request for Termination.

90.     Defendant's obligations pursuant to Paragraph 22 shall continue following

termination of this Consent Decree.

## XXII.  PUBLIC PARTICIPATION

91.     This Consent Decree shall be lodged with the Court for a period of not less than thirty

(30) Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United

States reserves the right to withdraw or withhold its consent if the comments regarding the

Consent Decree disclose facts or considerations indicating that the Consent Decree is

inappropriate, improper, or inadequate.  Defendant consents to entry of this Consent Decree

without further notice and agrees not to withdraw from or oppose entry of this Consent Decree

by the Court or to challenge any provision of the Consent Decree, unless the United States has

notified Defendant in writing that it no longer supports entry of the Consent Decree.

## XXIII. SIGNATORIES/SERVICE

92.     Each undersigned representative of Defendant and the Deputy Chief of the

Environmental Enforcement Section of the Environment and Natural Resources Division of the

U.S. Department of Justice certifies that he or she is fully authorized to enter into the terms and

conditions of this Consent Decree and to execute and legally bind the Party he or she represents

to this document.

93.     This Consent Decree may be signed in counterparts, and its validity shall not be

challenged on that basis.  Defendant agrees to accept service of process by mail with respect to

all matters arising under or relating to this Consent Decree and to waive the formal service

requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XXIV. INTEGRATION

94.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XXV.  FINAL JUDGMENT

95.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant.

## XXVI. ATTACHMENTS

96.     The following Attachments are attached to and part of this Consent Decree:


        "Attachment A" map of the Campus.

        "Attachment B" Work Plan.


Dated and entered this __21st__ Day of ___February___, 2020


                                                _____
                                                XXXXX

                        UNITED STATES DISTRICT JUDGE


31

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Dover Greens, LLC, subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA:

Dated: New York, New York
January 7, 2020

Respectfully Submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for Plaintiff the United States of America*

By: _____
JACOB M. BERGMAN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2776
Facsimile: (212) 637-2686
E-mail: jacob.bergman@usdoj.gov

By: _____
ELLEN M. MAHAN
Deputy Section Chief
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section

32

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Dover Greens, LLC, subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Dated: New York, New York
    December 23, 2019

Eric Schaaf
Regional Counsel
U.S. Environmental Protection Agency, Region 2

33

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Dover Greens, LLC, subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

FOR DOVER GREENS, LLC:

**2019-12-09**
Date

Philip Bae
Chief Operating Officer